IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:09 cv 93

Canadian American Association of Professional Baseball, Ltd. ,

        Petitioner,

v.

Ottawa Rapidz, Former Member of Canadian American Association of Professional Baseball, Ltd., Rob Hall, Former Director of Ottawa Rapidz, Shelagh O'Connor, Former Alternate Director of Ottawa Rapidz, and Ottawa Professional Baseball Inc., as Lessee of the Ottawa Rapidz,

        Respondents.

**NOTICE OF REMOVAL OF CIVIL ACTION**

TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA:

    Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Respondents Ottawa Rapidz, ("Rapidz"), Rob Hall ("Mr. Hall"), and Shelagh O'Connor ("Ms. O'Connor"), by and through counsel, hereby file this Notice of Removal of this action from the Superior Court of Forsyth County, North Carolina, where this action is now pending, to the United States District Court for the Middle District of North Carolina. In support of this Notice of Removal, Respondents show the Court as follows:

1. On or about December 18, 2008, Petitioner Canadian American Association of Professional Baseball, Ltd. filed in the Superior Court of Forsyth County a so-called "Motion to Confirm Arbitration Award and for Order Directing Entry of Judgment" entitled *Canadian American Association of Professional Baseball, Ltd. v. Ottawa Rapidz, Former Member of Canadian American Association of Professional Baseball, Ltd., Rob Hall, Former Director of Ottawa Rapidz, Shelagh O'Connor, Former Alternate Director of Ottawa Rapidz, and Ottawa Professional Baseball Inc., as Lessee of the Ottawa Rapidz*, Case No. 08-CVS-9679.

2. Rapidz was served with the "Motion" on January 5, 2009.

3. Mr. Hall was served with the "Motion" on January 5, 2009.

4. Ms. O'Connor was served with the "Motion" on January 21, 2009.

5. This Notice of Removal is therefore filed with this Court within 30 days after receipt by Respondents of "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6(a).

6. As stated in the "Motion," the League is a North Carolina corporation with its registered office in Forsyth County, North Carolina.

7. Rapidz is a Canadian corporation with a principal place of business in Ottawa, Ontario.

8. Mr. Hall is a citizen and resident of Canada.

9. Ms. O'Connor is a citizen and resident of Canada.

10. The League's "Motion" seeks to confirm an "Arbitration Award" and obtain an "Order Directing Entry of Judgment" in an attempt to get a court to sanction its wrongful presentation of a Letter of Credit posted by Rapidz pursuant to the League By-Laws in the amount of $200,000 (Canadian). This amount is in excess of $75,000 U.S. dollars at the current rate of exchange.

11. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because, at the time the matter was initiated and continuing through the time of the filing of the Notice of Removal, the League was and is a citizen of a State and Respondents were and are citizens of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Respondent Ottawa Professional Baseball Inc. ("OPBI") is not a proper party to this action and has been fraudulently joined for purposes of defeating the unanimity requirement necessary for removal to federal court in multi-defendant actions.

13. Assuming *arguendo* that an "arbitration" occurred, OPBI was not a party to that "arbitration." The "arbitration award" must be found in a November 11, 2008 letter from T. Paul Hendrick, League counsel, to Mr. Hall, the only correspondence from the League on the issue. This letter demonstrates that the only adverse party to the League's "Motion" is Rapidz, as Rapidz is the only party against whom the "arbitration award" was issued. A copy of the November 11, 2008 letter is attached as Exhibit 1 to the Affidavit of Robert Hall, attached hereto as Exhibit A.

3

14.      Because Rapidz is the only party against whom an "arbitration award" was entered, "there is *no possibility* that the [petitioner] would be able to establish a cause of action against [OPBI] in state court." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (emphasis in original).  OPBI has thus been fraudulently joined as a respondent in this action.

15.      The remaining respondents need not obtain the consent of a fraudulently joined respondent to remove an action to federal court.  *See Mayes v. Moore*, 367 F. Supp. 2d 919, 921 (M.D.N.C. 2005).

16.      In the alternative, the primary issue in this controversy is the confirmation of the "arbitration award," which would give judicial sanction to the League's wrongful presentation of a $200,000 (Canadian) letter of credit put up by Rapidz.  Miles Wolff is the Commissioner of the League, a member of the League as the owner and chairman of the Quebec Capitales franchise, and is also the 51% owner, chairman of the board of directors, and president of OPBI.  The "arbitration award" is issued solely against Rapidz. The interests of the League and OPBI, an entity under the majority control of its Commissioner, are therefore aligned and adverse to the remaining Respondents.

17.      This Court has the power to realign the parties and retain jurisdiction based on the parties' realigned positions.  *Ohio Cas. Ins. Co. v. RLI Ins. Co.*, No. 1:04CV483, 2005 WL 2574150, at *4 (M.D.N.C. Oct. 12, 2005).  A defendant that is realigned as a plaintiff need not consent to removal.  *Id.*

4

18. Accordingly, this action is removable pursuant to 28 U.S.C. § 1332(a)(2), 1441, and 1446.

19. In support of this Notice of Removal, Respondents rely upon the affidavit of Robert Hall, attached hereto as Exhibit A.

20. The state court in which this action was commenced is within this Court's district and division.

21. Copies of all process, pleadings, and orders received by Respondents are attached as Exhibit B.

22. A copy of this Notice will be filed with the Clerk of the Superior Court of Forsyth County and served on all adverse parties, as required by 28 U.S.C. § 1446(d).

23. By filing this Notice of Removal, Respondents do not waive and hereby expressly reserve the right to assert any defenses available to them.

WHEREFORE, Respondents respectfully give notice of the removal of this action to this Court and respectfully request that the Court:

1. Determine that Respondent OPBI has been fraudulently joined as a respondent to this action;

2. In the alternative, realign OPBI to reflect its true interests in this action; and

3. Grant Respondents such other and further relief as the Court may deem just and proper.

Respectfully submitted, this the 4th day of February, 2009.

<div style="margin-left: 3em;">

s/ James J. Hefferan, Jr.
Daniel R. Taylor, Jr.
N.C. State Bar #7358
Adam H. Charnes
N.C. State Bar #32039
James J. Hefferan, Jr.
N.C. State Bar #31579

KILPATRICK STOCKTON LLP
1001 West Fourth Street
Winston-Salem, North Carolina  27101
Telephone:  336.607.7300
Facsimile:  336.607.7500
Email:  DanTaylor@KilpatrickStockton.com
       ACharnes@KilpatrickStockton.com
       JHefferan@KilpatrickStockton.com

*Counsel for Respondents Ottawa Rapidz, Rob Hall, and Shelagh O'Connor*

</div>

US2008 564251.2 56474-352988

# CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2009, I electronically filed the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>T. Paul Hendrick
>HENDRICK, BRYANT & NERHOOD, LLP
>phendrick@hendricklawfirm.com
>tnerhood@hendricklawfirm.com
>mbryant@hendricklawfirm.com

This the 4th day of February, 2009.

>s/James J. Hefferan, Jr.
>James J. Hefferan, Jr.
>N.C. State Bar #31579
>Kilpatrick Stockton LLP
>1001 West Fourth Street
>Winston-Salem, North Carolina  27101
>Telephone:  336.607.7300
>Facsimile:  336.607.7500
>Email: JHefferan@KilpatrickStockton.com
>
>*Counsel for Respondents Ottawa Rapidz, Rob Hall, and Shelagh O'Connor*